IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JANICE BOLLIER, Individually and on**                                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**


vs.                                              No. 5:18-cv-1179


**TEXAS AUTO CARRIERS, INC., and**                              **DEFENDANTS**
**FORD EARL WAGNER**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Janice Bollier ("Plaintiff"), individually and on behalf of others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendants Texas Auto Carriers, Inc., and Ford Earl Wagner (collectively "Defendants"), and in support thereof she does hereby state and allege as follows:

### I.      PRELIMINARY STATEMENTS

1.      This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants pursuant to Section 216(b) of the FLSA.

2.      The proposed Section 216 class is composed entirely of employees who are or were hourly-paid dispatchers for Defendants, who, during the applicable time period, work/worked for Defendants and are/were denied their rights under applicable federal wage and hour laws.

3.      The proposed Section 216 class will seek recovery of monetary damages for minimum wage and overtime hours worked by Plaintiff and the class members.

4.      Plaintiff, both individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 US.C. § 201, et seq. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for all hours worked each week that they were/are made to work.

5.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

6.      Plaintiff files herewith her written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

## II.      JURISDICTION AND VENUE

7.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

8.      The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

9.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10.     Plaintiff Janice Bollier is an individual and resident and domiciliary of Bexar County. She was employed by Defendants to work as a dispatcher within the three (3) years preceding the filing of this Complaint.

11.     At all times relevant hereto, Plaintiff was paid an hourly rate for her work for Defendants.

12.     At all times relevant herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*

13.     Defendant Texas Auto Carriers, Inc. ("Texas Auto Carriers") is a Texas corporation, licensed to do business within the State of Texas.

14.     Defendant Texas Auto Carriers' registered agent for service of process in Texas is Ford Earl Wagner, located at 5765 Bicentennial, San Antonio, Texas 78219.

15.     Defendant Texas Auto Carriers is an "employers" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class.

16.     Defendant Texas Auto Carriers has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

17.     Defendant Texas Auto Carriers' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

18.     Defendant Ford Earl Wagner ("Wagner") is the principal director and/or officer of Defendant Texas Auto Carriers.

19.     Defendant Wagner controls or has the right to control the day-to-day operations of Defendant Texas Auto Carriers such that he is jointly liable to Plaintiff as an employer under the FLSA.

20.     Defendant Wagner established and maintained the pay policies for Defendant Texas Auto Carriers employees.

21.     Defendant Wagner was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22.     Defendants Texas Auto Carriers and Wagner have unified operational control and management, with the shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees.

23.     All of the Defendants, including Texas Auto Carriers and Wagner, operate as a single enterprise to employ Plaintiff, including the creation and maintenance of the pay policy applicable to Plaintiff, the power to supervise, hire, fire and discipline Plaintiff, and the power to set the schedule and conditions of Plaintiff's work.

## IV.     FACTUAL ALLEGATIONS

33.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34.     Defendants' primary business purpose is to provide their "customers with prompt and damage-free transportation of their vehicles and equipment."[1] Defendants employed dispatchers such as Plaintiff to accomplish this purpose.

35.     Within three years prior to the filing of this Complaint, Defendants hired Plaintiff, among other individuals, to perform dispatcher duties.

---

[1]     See http://texasautocarriers.com/our-operations/  (last visited Nov. 9, 2018).

36.     Plaintiff worked for Defendants as a dispatcher from approximately March of 2008 until approximately March of 2018.

37.     Defendants hired Plaintiff and set her work schedule, including the hours to be worked, and paid her an hourly wage.

38.     Defendants exercised comprehensive control over the employment of its dispatchers, including Plaintiff's employment.

39.     Defendants required dispatchers to follow a fixed schedule in performing their duties.

40.     Specifically, dispatchers were required to work eighty (80) to one hundred (100) hours per week, with some employees required to work more.

41.     All dispatchers were hired to work for Defendants for an indefinite period of time.

42.     No dispatchers shared in Defendants' profits.

43.     No dispatchers shared in Defendants' losses.

44.     Defendants set the pay rate for dispatch. During the statutory period, Defendants compensated dispatchers, including Plaintiff, a straight-time rate for all hours worked.

45.     Defendants entered into contracts with their customers, and no dispatchers signed contracts with Defendants' customers.

46.     Defendants made decisions on what new business to pursue or take without Plaintiff's or other dispatchers' input.

47.     Dispatchers, including Plaintiff, did not negotiate contracts or prices with Defendants' customers.

48.     Plaintiff and other dispatchers regularly worked over forty (40) hours per week.

49.     Defendants did not pay Plaintiff or other dispatcher any overtime premium for hours that they worked over forty hours per week.

50.     In other words, if any dispatcher worked more than forty hours per week, Defendants' policy was not to pay that employee an overtime premium of one and one half times the dispatchers' regular rate for the hours over forty.

51.     Additionally, the regular rate that Defendants paid Plaintiff and other dispatchers was less than the minimum wage required by the FLSA.

52.     Defendants knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of forty per week, yet Defendants failed and refused to compensate Plaintiff for her work as required by the FLSA.

53.     At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

54.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

55.     Plaintiff bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly-paid dispatchers who were or are denied payment for all hours worked over forty per week and/or whose overtime pay is or was not calculated in compliance with the requirements of the FLSA within the applicable statute of limitations period.

56.    Plaintiff asserts violations of the FLSA on behalf of all persons who were employed by Defendants as hourly-paid dispatchers from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

57.    Plaintiff is unable to state the exact number of the class but believe that the class membership exceeds fifteen persons but is less than 50 persons. Defendants can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

58.    The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A.    Defendants' uniform policies and practices that resulted in Plaintiff receiving less than minimum wage; and

B.    Defendants' failure to pay members of the class overtime compensation for all hours worked over forty per week in violation of the FLSA, 29 U.S.C. § 201 et seq.

59.    Because other hourly-paid workers are similarly situated to Plaintiff, and are owed overtime for the same reasons, at least one proper definition of the class is as follows:

**Each dispatcher who worked within the three years**
**preceding the filing of this Original Complaint.**

60.    This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

61.    The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

62.     The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

63.     In addition, and in the alternative, Plaintiff brings this action in her individual and personal capacity, separate and apart from the class claims set forth herein.

### VI.     FIRST CAUSE OF ACTION
#### (Individual Claim for FLSA Overtime Violations)

66.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

67.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

68.     During the relevant time period, Defendants unlawfully refrained from paying Plaintiff a lawful minimum wage and an overtime premium for hours over forty per week.

69.     Defendants' failure to pay Plaintiff minimum wages and all overtime wages owed was willful.

70.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.    SECOND CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

84.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

85.    Plaintiff, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

86.    During the relevant time period, Defendants unlawfully refrained from paying dispatchers a lawful minimum wage or an overtime premium for hours over forty per week.

87.    Plaintiff proposes to represent a class of individuals who are owed minimum wages and overtime wages and other damages for the same reasons as Plaintiff's, which may be defined as follows:

**Each dispatcher who worked within the three years
preceding the filing of this Original Complaint.**

88.    Defendants' failure to pay dispatchers minimum wages or overtime wages owed was willful.

89.    By reason of the unlawful acts alleged herein, Defendants are liable to members of the Section 216 class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.    WILLFULNESS

90.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

91.    All actions by Defendants were willful and not the result of mistake or

inadvertence.

92.     Defendants knew or should have known that the FLSA applied to the operation of their auto carrier business at all relevant times.

93.     Despite being on notice of its violations, Defendants chose to continue their policies and practices described above which resulted in Plaintiff and other members of the proposed collective class working overtime hours for which they were not compensated.

94.     Additionally, upon information and belief, some members of the proposed collective class from time to time complained to Defendants about the unlawfulness of Defendants' manner of payment and policies related to improper payment procedures.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Janice Bollier, individually and on behalf of others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a)     That each Defendant be summoned to appear and answer herein;

(b)     That each Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c)     A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(f)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(g)     An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(h)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JANICE BOLLIER, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com